68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn Allen WOHLRABE, Defendant-Appellant.
 No. 95-5023.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 22, 1995.
Decided: October 12, 1995.
 
 James K. Bredar, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Shirley M. Watts, Supervisory Federal Public Defender, Baltimore, MD, for Appellant. Lynne A. Battaglia, United States Attorney, Joseph L. Evans, Assistant United States Attorney, Baltimore, MD, for Appellee.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 After pleading guilty to sexually abusive contact in violation of 18 U.S.C. Sec. 2244 (1988), Glenn Wohlrabe was sentenced by the district court to eighteen months in prison and three years of supervised release. Wohlrabe appeals, contending that the district court improperly conditioned his supervised release by requiring him to continue to pay a state court order of child support. We find that Wohlrabe waived his right to appeal; consequently, we grant the Government's motion to dismiss the appeal.
 
 
 2
 Wohlrabe initially negotiated a plea agreement with the United States Attorney's Office for the District of Hawaii. Wohlrabe moved to Maryland and requested permission to plead guilty in Maryland pursuant to FED. R. CRIM. P. 20. The respective districts consented. Wohlrabe signed another plea agreement because the plea agreement negotiated in Hawaii did not conform with the usual practice in the district of Maryland; however, the plea agreements were substantively the same.
 
 
 3
 As part of the plea agreement, Wohlrabe and the Government agreed to waive the right to appeal, reserving only a disputed sentencing guidelines factor:
 
 
 4
 Your client and the United States knowingly and expressly waive all rights conferred by 18 U.S.C. Section 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the guideline range, reserving only the right to appeal from a sentence resulting from an adjusted offense level of either 13 or 15, depending upon the resolution of the applicability of Sec. 2A3.4(b)(3).
 
 
 5
 At the FED. R. CRIM. P. 11 colloquy, the district court specifically addressed the waiver of appellate rights.
 
 
 6
 THE COURT: Essentially you all waive your rights to appeal whatever sentence is imposed, including any issues relating to the establishment of the guideline range, except for the right to appeal from an adjusted offense level--I guess what you all are--each reserve the right to appeal that disputed guideline factor.
 
 
 7
 THE GOVERNMENT: That is correct.
 
 
 8
 THE DEFENSE: That is correct.
 
 
 9
 THE COURT: Everything else you said you won't appeal.
 
 
 10
 THE GOVERNMENT: That is correct.
 
 
 11
 THE DEFENSE: That is correct.
 
 
 12
 In lieu of a $5000 fine, the district court imposed as a condition of supervised release that Wohlrabe continue to pay his state court ordered child support. Wohlrabe objected. The district court found that United States Sentencing Commission, Guidelines Manual, Sec. 5B1.4(4) (Nov.1994), required as a condition of supervised release that Wohlrabe support his dependents, and overruled his objection. Wohlrabe filed a timely notice of appeal.
 
 
 13
 The Government moved to dismiss the appeal because Wohlrabe stated in the plea agreement that he "knowingly and expressly waive[d] all rights conferred by 18 U.S.C. Sec. 3742 to appeal whatever sentence is imposed," reserving only the disputed guideline factor. It is well established that the Constitution does not guarantee the right to an appeal.[1] This court consistently has held that a defendant may waive his statutory right to appeal his sentence if the waiver was knowingly and voluntarily made.[2] Wohlrabe does not contest that his appeal waiver was knowingly and voluntarily made.
 
 
 14
 Accordingly, we grant the Government's motion and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 Abney v. United States, 431 U.S. 651, 656 (1977)
 
 
 [2]
 United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir.1990)